Bart **RITCHIE** and Madelyne Ritchie, Plaintiffs,

v.

William **GRIMM**, Defendant.

No. CV 89–1580.

United States District Court, E.D. New York.

April 2, 1990.

---

DeCaro & Kaplen, New York City, for plaintiffs.

McDonald, Herbermann & Fenzel, New York City, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

By order dated November 6, 1989, 724 F.Supp. 59, this Court directed defendant William Grimm ("Grimm") to make mainte-

nance payments to plaintiff Bart Ritchie ("Ritchie") in the amount of $381 per week, and awarded attorney's fees to plaintiffs in the amount of $5000. Grimm now moves this Court for an order under Rule 54(b) of the Federal Rules of Civil Procedure directing the entry of final judgment on the November 6 order. For the reasons below, the motion is granted.

Plaintiffs bring this action seeking compensation for injuries allegedly sustained by Ritchie while he was employed on a commercial fishing vessel owned and operated by Grimm, Ritchie's employer. Though the complaint did not contain a claim for maintenance and cure, when Grimm's insurer failed to pay medical and maintenance payments which it had begun to pay immediately after the incident, Ritchie sought to amend the complaint to add a claim for maintenance and cure and sought an immediate trial of that claim. Consequently, on October 30, 1989, a hearing was held on the merits of that claim, and the November 6 order followed.

Rule 54(b) provides in pertinent part:

When more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all the of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b). Under the circumstances, the Court determines that there is no just reason for delay, and directs the entry of final judgment on this claim. One reason supporting this determination is that the maintenance and cure claim is easily separated from the remaining claims. It is apparent that the certified judgment raises questions of law distinct from those of the remaining claims. In addition, an appeal of this claim will not adversely affect this Court's proceeding with trial of the remaining claims. In fact, the matter has been set down for trial during the April 1990 term, and jury selection has been set for April 2, 1990. The Court believes that sound judicial administration will in no way be thwarted by entry of final judgment on the maintenance and cure claim.

Accordingly, pursuant to Rule 54(b), the Court directs the entry of final judgment on plaintiff's maintenance and cure claim as reflected in this Court's November 6 order.

SO ORDERED.