**Clifford VAUGHAN, Libellant,**
**v.**
**N. J. ATKINSON et al., Respondents.**
**No. 480.**

United States District Court
E. D. Virginia,
Newport News Division.
July 24, 1962.

J. L. Morewitz, Burt M. Morewitz, Newport News, Va., for libellant.

Walter B. Martin, Jr., (Vandeventer, Black, Meredith & Martin) Norfolk, Va., for respondents.

**WALTER E. HOFFMAN**, Chief Judge.

Subsequent to the decision of the Supreme Court of the United States, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88, this case was heard on remand to determine the amount of damages to be assessed against the respondents.

As this court interprets the language of the Supreme Court, the intent and purpose of the same is that the trial court should make the seaman "whole", i. e., he should not be required to pay money out of his pocket to collect maintenance lawfully due to him. To accomplish this fact, the respondents are required to pay, by way of damages, a reasonable attorney's fee to libellant's proctor for prosecuting the proceedings made necessary to collect the seaman's maintenance claim. Additionally, libellant is entitled to recover such proper items of expense as libellant would ordinarily incur in connection with the litigation to the extent that it applies to the maintenance claim.

It is abundantly clear from the opinions of the Supreme Court and the Court of Appeals for the Fourth Circuit, 291 F.2d 813, that damages by way of attorney's fees must be reasonable. Footnotes contained in each opinion carry this positive implication.

The respondents contend that damages by way of attorney's fees should be limited to a fair and reasonable fee on that portion of the maintenance concerning which there was no *bona fide* excuse for not paying and, as to the remainder, no damages should be permitted.

Proctors for libellant, relying upon the final paragraph of the dissenting opinion by Mr. Justice Stewart, urge that exemplary damages should be awarded without regard to the contractual arrangement between libellant and his proctors. They argue that they have successfully established a novel point in the admiralty field and, accordingly, punitive damages should be awarded upon a *quantum meruit* basis. They have produced some evidence tending to suggest that their services are worth a minimum of $12,000.00 and a maximum of $17,000.00.

We do not read the majority opinion of the Supreme Court as suggesting that punitive damages are in order. Applied to this case, we conclude that the Supreme Court has directed the trial court to fix such damages by way of reasonable attorney's fees as may have been sustained by the libellant in order to collect his maintenance which should have been voluntarily paid to him by the shipowner.

Initially the Court entered an interlocutory decree for maintenance at the rate of $8.00 per day from June 6, 1957, to February 18, 1959. The court subsequently allowed as a credit the amount earned by libellant as a taxi driver while he was still not completely cured. This ruling was reversed by the Supreme Court.

In June, 1959, respondents paid the sum of $2,207.82 to libellant, from which amount libellant's proctors deducted one-half by way of attorney's fees. Subsequently, for maintenance incurred following the date of the interlocutory decree, respondents forwarded checks in the amount of $179.83 and $186.06 which were subjected to a deduction of 50% for attorney's fees. Proctors for libellant are now holding—and intend to present for payment—checks in the sums of $92.23 and $120.27. These checks, proctors for libellant say, will also be subject to attorney's fees on the basis of the contractual arrangement. The respondents also paid $150.00 as interest on the delinquent payments aforesaid, which was subject to an attorney's fee, and $27.50 covering taxable court costs.

Proctors now agree that, as of July 10, 1962, when this matter was heard, the balance due by way of maintenance—which is the same as the libellant earned during the period that he was entitled to maintenance—is $3,743.69. To this figure there must be added the sum of $889.06 by way of interest at 6% per annum for each week's maintenance unpaid or a total amount due in the sum of $4,632.85. Proctors for libellant agree that as to any damages allowed by way of attorney's fees, no charge can be made, as the libellant would never be made "whole" under such an arrangement.

Respondents argue that their unwillingness to pay maintenance during the period the libellant worked as a taxi driver constituted a bona fide defense under the decisions from the Second Circuit, Wilson v. United States, 229 F.2d 277, and Perez v. Suwanee S.S. Co., 2 Cir., 239 F.2d 180. Whatever merit this argument may have under a different set of facts, it cannot be successfully applied here in light of the opinion of the Supreme Court and the uncontroverted fact that respondents never attempted to pay any sum to libellant prior to the institution of suit. True, after the institution of the litigation it appeared that respondents had a bona fide defense to a portion of libellant's claim for maintenance under what appeared to be the controlling authority, but the present contention that respondents should not be required to pay damages on the sum of $4,632.85 is untenable because of the lack of good faith on the part of respondents from the inception of the claim for maintenance.

This court does not construe the Supreme Court opinion as automatically requiring the payment of damages by way of attorney's fees in all cases where maintenance claims are presented. There may be valid reasons for not voluntarily paying a claim for maintenance—as long as the shipowner acts equitably with a bona fide desire to comply with the law and provide maintenance which is justly and obviously due, damages by reason of an honest dispute will not necessarily be allowable.

This brings us to a consideration of the quantum of attorney's fees to be allowed by way of damages. One of the proctors for libellant has testified that a 50% contingent fee contract is standard in most seamen's cases. Without commending or condemning such an arrangement, this court cannot approve of such a percentage in a case involving an American seaman on an ordinary claim for maintenance and cure. Matters pertaining to maintenance and cure are generally heard on an informal basis, requiring little or no evidence and with the use of medical reports in lieu of testimony by physicians. The necessity of protecting the seaman in a claim for maintenance and cure demands an early hearing and prompt action. In the vast majority of cases a motion for hearing on a claim for maintenance and cure is sufficient.

This action, instituted by libellant on January 5, 1959, resulted in a motion for an interlocutory decree for maintenance filed on February 9, 1959. A hearing was held on February 25, 1959, at which time the libellant testified at length. Proctors had no authority to present on the pertinent issue of crediting the amount earned by libellant as a taxi driver against the sum due for maintenance. The court, in the presence of proctors, hastily researched the question and located the decisions from the Second Circuit cited above. The interloctuory decree was not actually entered until May 12, 1959, as proctor for respondents requested further opportunity to examine the legal and factual situation and, as is customary, there existed the usual delay on the part of attorneys. Thus the hearing of February 25, 1959, required no great effort on the part of the attorneys and resulted in a payment of $2207.82 in June, plus interest on delinquent maintenance payments at an agreed figure of $150.00.

In addition to the claims for maintenance and damages for failure to pay maintenance, libellant alleged and sought to prove that his active tuberculosis was caused by conditions aboard the vessel and a violation of 46 U.S.C.A. § 673. This cause of action was devoid of merit. In this connection libellant's proctor incurred an expense of approximately $105.00 in attending a deposition in New York, the testimony being substantially confined to the issues of alleged negligence and unseaworthiness. There is no occasion to charge respondents with this expense which is totally separate from the maintenance claim. While libellant's proctor may properly charge his client with this item of expense, it is not an element of damages flowing from the failure to pay maintenance. Nor is it an item properly assessable as costs against the respondents.

Libellant prosecuted his appeal to the Fourth Circuit without printing his brief. However, printing the brief in the Supreme Court required an expenditure of $126.90. Expenses to Richmond to argue the case in the United States Court of Appeals aggregated $17.50. Similar expenses to Washington in arguing the case before the Supreme Court were $85.00. These are proper items of damage chargeable against the respondents.

In summary, if we assume that exemplary damages are not allowable, libellant's proctors contend that damages should be allowed as follows:

| | Amount of Payment | Damages by way of Attorney's fees |
|---|---|---|
| (1) | $2207.82 (delinquent maintenance) | $1103.91 |
| (2) | 150.00 (interest on above) | 75.00 |
| (3) | 179.83 (maintenance following entry of decree) | 89.91 |
| (4) | 186.06 (maintenance following entry of decree) | 93.02 |
| (5) | 92.23 (maintenance following entry of decree) | 46.11 |
| (6) | 120.27 (balance of maintenance after court opinion) | 60.13 |
| (7) | 3743.79 (Payments to be made as per Supreme Court ruling) | 1871.89 |
| (8) | 889.06 (interest on above) | 444.53 |
| | $7569.06 | $3784.50 |

Without minimizing the efforts of libellant's proctors, attorney's fees must be kept within reasonable bounds. As to items (1) and (2) above, a reasonable fee would be one-third of the amount recovered by reason of the brief and in-

formal hearing before the court. While there is some doubt in the mind of the court as to the propriety of assessing damages by way of attorney's fees on any item of interest paid, the libellant could successfully argue that he was required to expend his own funds for room and board, thereby depriving him of the opportunity of securing interest on any invested monies. Damages by way of attorney's fees on items (1) and (2) aforesaid are fixed at $785.94.

■ We perceive no reason for making any allowance for damages by way of attorney's fees on payments of maintenance for the continuing period following the entry of the interlocutory order. While the interlocutory decree did provide that respondents continue maintenance payments until libellant reached a maximum state of cure, this is no more than what the law provides. Once having established the claim for maintenance due, the subsequent payments (excepting items (6), (7) and (8)) followed as a matter of course. The court declines to make any allowance for damages by way of attorney's fees as to items (3), (4) and (5).

Item (6) involves a claim for days contested by respondents but allowed by the court. It is appropriate to allow a fee equal to one-third of this amount, or $40.09, assessable as damages against respondent.

■ This brings us to the principal items, (8) and (9), representing the amount earned by libellant during the period he was entitled to maintenance. This sum was disallowed by this court and the Court of Appeals. The Supreme Court has now determined that this money is due to libellant. The items (8) and (9) total $4632.85 as of July 12, 1962. Considering the amount of work, the nature and character of the legal services, the results accomplished, the complexity of the issues, the various courts through which litigation has progressed, the amount in controversy, the fact that the matter was handled upon a contingent fee arrangement and, having examined the briefs filed in the appellate courts, this court is of the opinion that a fair and reasonable fee is 45% of the prospective recovery, or $2084.78, which amount is assessed as damages by way of attorney's fees against the respondents for items (8) and (9).

A final decree will be entered directing judgment against the respondents by way of damages suffered for failure to pay maintenance in the sum of $3140.21. The decree will also provide for the additional amount due by way of maintenance in the sum of $3743.79, plus interest as of July 12, 1962, in the sum of $889.06.