Kelly E. JOHNSON, Appellant,

v.

MISSISSIPPI VALLEY BARGE LINE COMPANY.

Nos. 14728, 14729.

United States Court of Appeals Third Circuit.

Argued May 8, 1964.

Decided Aug. 21, 1964.

See also D.C., 34 F.R.D. 140.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

John R. Bredin, Pittsburgh, Pa. (Pringle, Bredin, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and GANEY, Circuit Judges.

STALEY, Circuit Judge.

The plaintiff seaman filed three separate civil actions in the district court seeking damages for injuries alleged to have been sustained on three different occasions while he was employed by the defendant. In each of them jurisdiction was predicated on the Jones Act. 46 U.S. C. § 688. A fourth suit was filed requesting consequential damages for the alleged failure of defendant to furnish maintenance and cure for the injuries said to have been sustained on these three occasions. The cases were consolidated for trial, and the jury returned a verdict in favor of the plaintiff on two of his claims, found in favor of the defendant on the third, and awarded the plaintiff $1,000 in his suit for maintenance and cure. The appeals of the plaintiff are directed only to the latter two claims in which prejudicial error is premised upon evidentiary rulings of the trial judge as well as allegedly erroneous instructions to the jury.

The first point is that the district court erred in refusing to allow plaintiff's medical witness, Dr. Pochapin, to testify as to the history given by plaintiff at the time the physician examined him. It is admitted that Dr. Pochapin examined plaintiff not for the purpose of treating him, but solely for the purpose of testifying about his condition at the trial. Plaintiff asserts that the doctor's testimony concerning this history was vital on the question of causation since defendant denied that he was injured while working for it on the date in question.

On this issue the parties have argued for and against the broad proposition that a physician who examines a patient only for the purpose of testifying in court should be permitted to testify as to the medical history the patient related to him. We find it unnecessary to rest our decision on this broad ground for the reason that an examination of the record makes it abundantly clear that the ruling of the district court did not give rise to prejudicial error.

Dr. Pochapin was permitted to testify freely as to the condition of the plaintiff and also stated that this impaired condition resulted from an injury. But the doctor himself informed the court that he was unable to obtain from the patient any credible information as to where and when he was injured. As best expressed in the physician's testimony:

"THE COURT: He didn't tell you about particular injuries that he claimed he had.

"THE WITNESS: Yes, he did.

"THE COURT: Did he give you dates?

"THE WITNESS: I did not get any dates because he was entirely confused. He didn't know what date it was. He didn't know what year, and his confusion the first time was so great when I asked him who was president of the United States, he said George Washington, and I didn't ask him any dates after that.

"THE COURT: Well, I think under that situation, under the understanding that you are not attempting to show the time of these injuries by this doctor, is that it, Mr. Schlesinger?

"MR. SCHLESINGER: That is correct.

"THE COURT: You are not attempting to show the time of the injuries by the doctor. There has to be independent proof, even whether he got them or not, even whether he got them on the vessel. It is not offered for that purpose?

"MR. SCHLESINGER: No, I am asking him as in accordance with standard medical procedure just what history he did get.

"THE COURT: Well, wait a minute. The point there is standard medical procedure, as I would understand it, you usually accept the word of the patient as to where and when he got hurt, isn't that right?

"THE WITNESS: Yes, we do.

"THE COURT: This is a case where you haven't been able to do that, have you?

"THE WITNESS: That is right, your Honor.

"THE COURT: He told you George Washington was president?

"THE WITNESS: Yes.

"THE COURT: So that immediately indicated something.

"THE WITNESS: He was completely confused and not in contact with reality.

"THE COURT: All right. Go ahead and tell us what you found and what he complained of and what you found."

It will thus be seen from this colloquy that not only did the physician graphically illustrate his inability to obtain a credible medical history, but counsel for the plaintiff admitted that he was not attempting to show the time of the injuries through this witness. In view of this admission it is obvious that counsel did not object to, but indeed, acquiesced in the ruling of the trial judge. Certainly, the factual circumstances we have related make it apparent that his contention is wanting in merit.

■ Plaintiff next objects to the admission into evidence of an admittedly authentic abstract from the clinical records of the U. S. Public Health Service concerning his condition when he was brought for treatment to the outpatient office of the Service at Gallipolis, Ohio. This record had been sent to plaintiff's counsel at his request and its authenticity was stipulated at trial. Defense counsel used it in an attempt to show that plaintiff had not been injured at the time alleged and then offered it into evidence. The district court admitted the record in accordance with the Federal Business Records Act. 28 U.S.C. §§ 1732, 1733 (1958 ed.). The objection at trial was that the plaintiff was entitled to have the testimony of the doctor who made the report. But this record was obviously admissible under the statute and, contrary to the assertion of plaintiff, meets the requirements set forth by this court in Masterson v. Pennsylvania Railroad Co., 182 F.2d 793 (C.A. 3, 1950). See also Thomas v. Hogan, 308 F.2d 355 (C. A. 4, 1962).

It is urged that the district court erred in instructing the jury that it should be guided by the medical testimony with respect to the extent of the plaintiff's injuries. It is to be noted that the medical testimony referred to by the court was that of the plaintiff's own witness, Dr. Pochapin. The portion of the charge which is objected to is set out in the margin.[1]

The short answer to this argument is that counsel withdrew his initial objection to this portion of the charge in the following colloquy:

"MR. SCHLESINGER: Secondly, I would like to take exception to the comment of the Court on how the doctor's testimony is to be handled. It seems to me that the matter is strictly for the jury. If the plaintiff complains of pain, for example, in the leg or in the hand, and the doctor says that he cannot find any reason for it, as I understand the Court's charge, the Court practically told them that they have to be pretty well guided by the medical testimony.

"THE COURT: I think that is true. Isn't it?

Now, the weight of it is for you to find with your good judgment and common sense, but you can't very well ignore what the doctor says, and it seems to me the doctor said the syndrome which results from various things here, according to the plaintiff and counsel, he puts the syndrome as coming from January of 1960, and if that didn't occur then, there is nothing attributable to the defendant in the case as far as that."

1. "And the same way with the hand. The doctors, as I recall it, indicate that he recovered from that cut on his hand. Mr. Schlesinger argues to you that he still has it, perhaps. Well, the doctor said that he had the same strength in both hands. I think he claimed some pain in his hand, but I think when you are talking about disabilities and resulting from injuries, you have to be pretty well guided by the medical testimony. You can't ignore testimony of that kind.

"MR. SCHLESINGER: Not as I read the cases.

"THE COURT: Unless he has an obvious injury.

"MR. SCHLESINGER: All right.

"THE COURT: Go ahead.

"MR. SCHLESINGER: Anyhow, your Honor, I would like to have an exception on the subject of the release. * * *"

Moreover, when the entire charge is read in context, it becomes apparent that the district court repeatedly noted that the question of damages was for the jury alone. More particularly, with respect to the testimony of plaintiff's witness, Dr. Pochapin, the trial judge commented favorably, "if you find for the plaintiff there, undoubtedly you will award him substantial damages because, according to the doctor's testimony, he is suffering from that, but that is again all for the jury."

■ There is a more fundamental reason why plaintiff's contention must fail. In the portion of the charge challenged here, the trial judge was referring to the injury for which the plaintiff subsequently received a favorable verdict from the jury. Since he has failed to appeal from the judgment entered upon that verdict, he can hardly assert that he was prejudiced by the charge of the trial judge.

■ Finally, the plaintiff urges that the district court erred in refusing his request for instructions respecting liability for the alleged failure to furnish maintenance and cure.[2] But the record discloses that the charge on this point is much more complete and in accord with the evidence than that contained in the request for charge. At oral argument counsel for plaintiff admitted that the point was covered in the charge. He

argued, however, that the denial of his request precluded him from adequately arguing maintenance and cure to the jury. Again, the record belies the assertion. For the court explicitly informed counsel in chambers that he could argue maintenance and cure, except for attorneys' fees, in the broadest of language:

"THE COURT: Oh, I think you can argue starvation, sure. You can argue most anything except the money damages for the lawyers' fees."

The judgments of the district court will be affirmed.

---

2. The request reads:
"5. If the ship-owner fails to discharge its obligation to furnish maintenance and cure, it is liable for consequential damages including counsel fees, damages for aggravation or prolongation of the illness or injury, and damages for pain and suffering as well as for starvation. Sims v. U. S. [United States], 3 Cir., 186 F.2d 972; Cortes v. Baltimore, 287 U.S. 367 [53 S.Ct. 173, 77 L.Ed. 368]; Vaughan v. Atkinson, supra [369 U.S. 527, 82 S. Ct. 997, 8 L.Ed.2d 88]."
In denying this request, the district court observed that there was nothing in the record which would support an award of attorneys' fees.