Charles PYLES, Jr., Plaintiff,

v.

AMERICAN TRADING & PRODUCTION CORPORATION, Defendant.

Civ. A. No. 64-G-66.

United States District Court
S. D. Texas,
Galveston Division.

Aug. 10, 1965.

Mandell & Wright, Sidney Ravkind, Houston, Tex., for plaintiff.

Eastham, Watson, Dale & Forney, Edward W. Watson, Houston, Tex., for defendant.

NOEL, District Judge.

This case is before the Court upon plaintiff's motion for judgment.

Plaintiff is a seaman. On April 10, 1964 he signed with the defendant for a voyage aboard defendant's vessel, the S.S. MARYLAND TRADER, having been pronounced fit for duty by a doctor of defendant's choice. Plaintiff injured his back on July 16, 1964 during a cleaning operation aboard the ship when he attempted singlehandedly to lift a Butterworth machine out of one of the deck tanks. He received treatment from the ship's second mate the next morning and performed no more work during the remainder of the voyage. The voyage was terminated July 28, 1964 at Portland, Oregon.

Plaintiff came to Houston, Texas, and consulted the Public Health Service, promptly. He entered the U.S.P.H.S. hospital in Galveston on July 31, 1964 and remained there until August 4, 1964. Upon his release the hospital certified him Not Fit for Duty for fourteen days then Fit for Duty. Defendant paid maintenance to plaintiff for the twelve-day period from August 5 to August 17, 1964. Plaintiff sued the defendant for his injury on August 20, 1964. He later added claims for maintenance and cure and attorney's fees in an amended petition filed May 10, 1965.

Subsequent to his injury plaintiff resumed work, being employed on several different vessels. On September 16, 1964 a doctor for the AIMEE LYKES found him Fit for Duty and he entered her service the same day. He reinjured his back October 29, 1964 while still in the service of the AIMEE LYKES, and received maintenance from AIMEE LYKES from November 30 until December 18, 1964. He worked two days in January on the Smith vessel, February 9 to February 22, 1965 as a deck maintenance man on the KEY TRADER, February 26 to April 1, 1965 as a bos'n on the TICONDEROGA, and May 6 to June 3, 1965 in Day Watch on the D. G. KERR.

The jury returned its verdict on June 17, 1965, finding that plaintiff caused his own injury entirely but that he had not reached the maximum cure possible. In his motion for judgment plaintiff asks for maintenance and cure for 305 days, basing the motion on the latter finding. Plaintiff also requests attorney's fees. Defendant opposes plaintiff's motion on the grounds that the plaintiff did not qualify for maintenance while employed on the subsequent vessels, that the maintenance obligation becomes the obligation of the last vessel upon which the condition requiring treatment is re-manifested, and that this case is not a proper one for the allowance of attorney's fees.

The United States Supreme Court succinctly stated the rationale of maintenance and cure in Vaughan v. Atkinson, 369 U.S. 527, 531, 82 S.Ct. 997, 1000, 8 L.Ed.2d 88 (1962):

"Maintenance and cure is designed to provide a seaman with food and

lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery."

Maintenance extends during a period of convalescence until the maximum cure is obtained, Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850 (1949); and the fact that plaintiff returned to his regular employment does not bar his recovery. Yates v. Dann, 223 F.2d 64 (3d Cir. 1955); Koslusky v. United States, 208 F.2d 957 (2d Cir. 1953). Plaintiff is entitled to maintenance and cure undiminished by the amount of his earnings on the jobs between certification as Fit for Duty by the U.S.P.H.S. and the date of the jury verdict. Vaughan v. Atkinson, supra. Plaintiff is not entitled to maintenance for the periods he spent in marine hospitals, Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993 (1938), or for the periods in which defendant already has paid maintenance.

Defendant contends that the maintenance obligation belongs to the last vessel upon which the condition requiring treatment is re-manifested (in this case, the AIMEE LYKES), citing Diaz v. Gulf Oil Corp., 237 F.Supp. 261 (S.D.N.Y.1965). That case involved a plaintiff who had suffered chronic asthmatic attacks from childhood. He suffered an attack on the defendant's vessel and later recovered maintenance and cure from defendant, the last vessel on which he had served. Inasmuch as the Court cites no authority for its "last ship" rule, I regard it to be limited to fact situations involving chronic, recurring conditions, and inapposite to this case.

Conditioned upon the plaintiff's returning the maintenance received from the AIMEE LYKES, the defendant will pay maintenance to the plaintiff for 305 days at the rate of Eight Dollars per day.

Plaintiff also seeks attorney's fees. In maintenance and cure actions, attorneys' fees are allowed as damages where the defendant acts in bad faith, callously, or unreasonably. Vaughan v. Atkinson, 206 F.Supp. 575 (E.D.Va. 1962). Such is not the case here. Defendant paid maintenance until the U.S.P.H.S. certified plaintiff Fit for Duty. The date of issuance of a Fit-for-Duty slip is generally the date used for determining the end of a period for which maintenance and cure are due. Dobbs v. Lykes Brothers Steamship Co., 243 F.2d 55 (5th Cir. 1957); Murphy v. S.S. Panoceanic Faith, 241 F.Supp. 540 (E.D.La.1965). Good-faith reliance on the U.S.P.H.S. prediction enables defendant to suspend maintenance payments and removes this case from the rule of Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). The better authorities limit Vaughan v. Atkinson to situations in which the defendant deliberately, flagrantly or unjustifiably refuses to pay maintenance at any time, and treat the award of attorney's fees as damages. Johnson v. Mississippi Valley Barge Lines Co., 335 F.2d 904 (3d Cir. 1964); Connorton v. Harbor Towing Corp., 237 F.Supp. 63 (D.Md.1964); Diaz v. Gulf Oil Corp., 237 F.Supp. 261 (S.D.N.Y.1965); McCloskey, The Supreme Court, 1961 Term, 76 Harv.L.Rev. 54, 90–93 (1962). Cf. Rogers v. Paul, 232 F.Supp. 833 (W.D. Ark.1964). These authorities compel denial of plaintiff's request for attorney's fees.

Plaintiff's counsel will promptly submit the appropriate final decree covering the subject matter of this Memorandum and Order as well as the issues of liability submitted to the jury.