**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CLINTON M. RICHARDS,
<u>Plaintiff-Appellant,</u>

v.

SKIPPER & WAYNE, INCORPORATED;
F/V SKIPPER & WAYNE, IN REM,

No. 95-2082

<u>Defendants-Appellees,</u>

and

C. A. MAGWOOD & SONS,
INCORPORATED; C. A. MAGWOOD, JR.,
<u>Defendants.</u>

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-94-262-18-2)

Submitted: April 9, 1996

Decided: April 23, 1996

Before WIDENER and WILKINS, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

E. Paul Gibson, RIESEN LAW OFFICES, Charleston, South Caro-
lina, for Appellant. Edward K. Pritchard, III, SINKLER & BOYD,
Charleston, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Clinton M. Richards filed this admiralty action for maintenance and cure, alleging that he was injured while working aboard the F/V SKIPPER & WAYNE. After a trial to the district court, sitting without a jury, the court found that Richards had not carried his burden of proof and dismissed the claim. Richards appeals.

I.

The F/V SKIPPER AND WAYNE is a sixty-five-foot, ocean-going vessel primarily used for shrimping. Skipper & Wayne, Inc., is a South Carolina corporation whose sole asset is the F/V SKIPPER & WAYNE. On the morning of November 29, 1993, Richards approached C. A. Magwood, Jr., president and sole shareholder of Skipper & Wayne, Inc., and asked if the vessel needed any crewmen for the day. Magwood stated that Richards could work that day on a trial basis; Richards accepted. The crew consisted of Magwood, Richards, and Kenneth Goodson, who had often worked with Magwood. Magwood asked Goodson to keep an eye on Richards.

Richards testified that he fell after the last haul of the day, slipping on some "fish slime" while he was alone cleaning the deck. Richards asserted that rough seas contributed to his fall. He testified that he got up and continued working; that pain began later in the day and became unbearable that night. Richards performed his duties all day. Many of these duties required physical strength and others required Richards to reach above his head. When the F/V SKIPPER & WAYNE returned to port about 3:30 p.m., Richards helped pull in the outriggers, which required him to reach over his head and exert physical strength. Richards never complained of pain or told Magwood or Goodson that he had fallen and was injured. Neither Magwood nor Goodson saw Richards fall, although he was in their sight for most

2

of the day. On leaving the vessel, Richards asked Magwood what time he would leave the next day, and Magwood told him to be at the dock at 4:00 a.m. Richards did not show up at the appointed time.

Richards went to the emergency room on the morning of December 1, 1993, two days after his work on the F/V SKIPPER & WAYNE. He was referred to an orthopedic surgeon. Appellees do not dispute that Richards suffered a herniated disc for which he underwent surgery.

Magwood testified that there was virtually no wind on November 29, 1993, particularly in the middle of the day. He stated that the ocean was calm and that the vessel was rolling very little. He introduced a copy of the weather log maintained at the Charleston Airport which supported his testimony. Richards introduced a copy of the weather forecast map from the Charleston newspaper in support of his claim. But the map did not contradict Magwood's evidence.

II.

The district court ruled that Richards failed to support his burden of proof that he was in the service or employ of the SKIPPER & WAYNE or aboard the vessel at the time he suffered the injury. The court found several credibility problems with Richards' testimony which led him to discredit it, including the objective weather information and Richards' behavior following the alleged injury. Richards argues on appeal that the district court applied the wrong standard and burden of proof in assessing the evidence. We conclude that the district court made no such error.

Maintenance and cure provides a seaman who becomes ill or injured in the service of his ship lodging, board, and medical expenses until he reaches maximum recovery. Williams v. Kingston Shipping Co., 925 F.2d 721, 723 (4th Cir. 1991). In this case, the district court found as a fact that Richards' injury did not occur while in the service of the F/V SKIPPER & WAYNE. We review the district court's factual findings to determine whether they are clearly erroneous. Jiminez v. Mary Washington College, 57 F.3d 369, 378 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3311 (U.S. Oct. 30, 1995) (No. 95-396).

3

Our review of the record convinces us that the district court's findings of fact are not clearly erroneous. The district court detailed the inconsistencies within Richards' testimony and the conflicting objective facts which caused the court to reach its decision. Therefore, Richards failed to prove an element of his claim and the district court correctly dismissed it. We affirm the judgment against Richards. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4