UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

KENNETH B. O'BRIGHT,
            *Plaintiff-Appellant,*

v.

JOHN'S TOWING SERVICE,
INCORPORATED, a Pennsylvania
Corporation,
            *Defendant-Appellee,*

and

J&C TOWING SERVICES,
INCORPORATED, a Corporation,
            *Defendant.*

No. 00-1292

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., District Judge.
(CA-96-201-5)

Argued: February 28, 2001

Decided: May 25, 2001

Before WILKINS and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Thomas Fiorino Basile, BAILEY & GLASSER, L.L.P.,
Charleston, West Virginia, for Appellant. Kenneth F. Klanica,

HEINTZMAN, WARREN, WISE & FORNELLA, P.C., Pittsburgh, Pennsylvania, for Appellee. **ON BRIEF:** Brian A. Glasser, BAILEY & GLASSER, L.L.P., Charleston, West Virginia, for Appellant. Roger L. Wise, HEINTZMAN, WARREN, WISE & FORNELLA, P.C., Pittsburgh, Pennsylvania, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Kenneth B. O'Bright filed an action to recover damages for personal injuries sustained while working as a deckhand aboard the *M/V Lori Johnson* ("the *Lori Johnson*"), a vessel owned by John's Towing, Inc. O'Bright alleged a claim of negligence under the Jones Act, 46 U.S.C.A. § 688, and claims of unseaworthiness and maintenance and cure under federal maritime law.[1] Following a jury verdict in favor of John's Towing as to all claims, the district court denied O'Bright's motions for a new trial and for relief from judgment. O'Bright filed a timely notice of appeal. For the reasons that follow, we affirm.

### I.

O'Bright testified that during the early morning of December 13, 1994, he was employed as a deckhand on the *Lori Johnson* when he fell into the Monongahela River because a stanchion on the boat broke while he was leaning against it. O'Bright claimed that he had just finished urinating into the river when a gust of wind came along and pushed him into the stanchion, which snapped under his weight,

---

[1]"Maintenance and cure provide a seaman who becomes ill or injured in the service of his ship lodging, board, and medical expenses until he reaches maximum recovery." *Williams v. Kingston Shipping Co., Inc.*, 925 F.2d 721, 723 (4th Cir. 1991).

causing him to fall into the water. There were no witnesses to the incident. O'Bright was hospitalized and treated for acute hypothermia, myoglobinuria, and hypoglycemia resulting from his exposure to the cold water. Additionally, O'Bright claims that he suffers from ongoing back pain as a result of the incident.

Other members of the crew testified that they thoroughly inspected the *Lori Johnson* and found no broken stanchions or any other physical reason why O'Bright would have fallen into the water. Additionally, John's Towing argued vigorously that O'Bright's back injuries were not caused by this incident, but that, instead, they were likely the result of progressive degenerative disc disease.

## II.

On August 1, 1996, O'Bright filed this action in the United States District Court for the Southern District of West Virginia. The case was transferred to the United States District Court for the Northern District of West Virginia. At trial, the jury considered three issues: 1) negligence under the Jones Act; 2) unseaworthiness; and 3) maritime cure. On June 3, 1999, the jury returned a verdict for John's Towing on all three claims. On June 15, 1999, O'Bright filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59. On August 11, 1999, O'Bright filed a combined motion for relief from judgment under Federal Rule of Civil Procedure 60 and for sanctions. On February 8, 2000, the district court in a memorandum opinion denied the motions for new trial and relief from judgment and granted the motion for sanctions.[2] On March 7, 2000, O'Bright appealed the judgment entered against him on June 3, 1999, and the portion of the district court's memorandum opinion denying O'Bright's Rule 59 motion for a new trial.

On appeal, O'Bright argues that the district court erred by refusing to grant his motion for a new trial because (1) the evidence established his entitlement to maintenance and cure and (2) the district court erroneously instructed the jury as to the standard of causation

---

[2]The district court's award of sanctions was based upon John's Towing's lack of diligence in answering discovery requests and slow response in providing information pursuant to a court order.

with respect to O'Bright's negligence claim under the Jones Act.[3] We address each argument in turn.

### III.

O'Bright first contends that the district court erred by denying his motion for a new trial with respect to his claim for maintenance and cure because the evidence clearly established his entitlement to such relief. O'Bright claims that because no evidence was introduced demonstrating that O'Bright was not in service of the ship at the time of his fall overboard from the *Lori Johnson*, he was entitled to cure as a matter of law. Thus, O'Bright argues that the jury misapplied the law with respect to maintenance and cure, warranting a new trial.[4]

When considering a motion for a new trial, the district court weighs the evidence and considers the credibility of the witnesses, and if it "finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, [it] must set aside the verdict, even if supported by substantial evidence, and grant a new trial." *Chesapeake Paper Products Co. v. Stone & Webster Engineering Corp.*, 51 F.3d 1229, 1237 (4th Cir. 1995) (internal citations and quotation marks omitted). "The decision to grant or deny a motion for a new trial is within the sound discretion of the district court and will not be disturbed absent a clear showing of abuse of discretion." *Id.* When reviewing the denial of a motion for a new trial, this Court reviews "the evidence only to determine whether there was any evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in a manifest miscarriage of justice." *Id.* at 1238 (internal citations and quotation marks omitted).

As O'Bright points out, the shipowner's duty to provide maintenance and cure for ill or injured seaman is quite broad. *See Vella v. Ford Motor Co.*, 421 U.S. 1, 4 (1975). The Supreme Court has held

---

[3]O'Bright does not challenge the jury's verdict with respect to the unseaworthiness claim.

[4]O'Bright concedes that the district court properly instructed the jury as to the law of maintenance and cure. He challenges only the jury's application of the law to the facts.

"that the duty arises irrespective of the absence of shipowner negligence and indeed irrespective of whether the illness or injury is suffered in the course of the seaman's employment." *Id.* at 4. The Supreme Court has further held: "Conceptions of contributory negligence, the fellow-servant doctrine, and assumption of the risk have no place in the liability or defense against [the duty of maintenance and cure]." *Warren v. United States*, 340 U.S. 523, 528 (1951) (internal citations and quotation marks omitted). Nevertheless, if the seaman's injuries are the result of a "wilful act of indiscretion," he will be barred from recovery. *Id.* (internal citations and quotation marks omitted).

As the district court noted, the weight of the evidence on the issue of maintenance and cure did not clearly favor O'Bright. Regardless of whether the evidence indicated that O'Bright was in service of the ship at the time of the incident, it did not clearly establish that O'Bright's injury was not the result of his "wilful misbehavior or deliberate act of indiscretion." *Warren*, 340 U.S. at 528. The jury had sufficient direct and circumstantial evidence from which it could have determined that O'Bright purposefully jumped off the boat. For example, several crewmen testified that after a thorough inspection of the *Lori Johnson*, they found no broken stanchions or any other physical reason why O'Bright would have fallen into the water. Because jurors are presumed to follow the instructions that they are given, we will not assume that the jury misapplied the law. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 427 (4th Cir. 1996). Accordingly, we hold that the district court did not abuse its discretion by failing to grant O'Bright's motion for a new trial on his maintenance and cure claim.

IV.

O'Bright next argues that he is entitled to a new trial because the district court committed reversible error by giving an improper jury instruction with respect to the standard of causation under the Jones Act. The district court rejected O'Bright's proffered instruction that stated that the plaintiff has a "slight" or a "featherweight" burden to prove his claim for Jones Act negligence. Instead, the district court instructed the jury that "[u]nder the Jones Act, if the employer's negligent act caused the plaintiff's injury in whole or in part, then you must find that the employer is liable under the Jones Act." The district

court also made clear to the jury that different causation standards apply to Jones Act and unseaworthiness claims.

This Court reviews challenges to jury instructions for abuse of discretion. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 408 (4th Cir. 1999). "The test of the adequacy of jury instructions is whether the jury charge, construed as a whole, adequately states the controlling legal principle without misleading or confusing the jury." *Id.* The instructions given by the district court adequately stated the controlling law. In *Hernandez v. Trawler Miss Vertie Mae, Inc.*, 187 F.3d 432 (4th Cir. 1999), we held that

> to prevail on a Jones Act negligence claim against his employer, a seaman must establish (1) personal injury in the course of his employment; (2) negligence by his employer or an officer, agent, or employee of his employer; and (3) causation to the extent that his employer's negligence was the cause "in whole or in part" of his injury.

*Id.* at 436. Because the district court's instructions correctly stated the controlling law as enunciated in *Hernandez*, the district court did not abuse its discretion in denying O'Bright's motion for a new trial on his Jones Act claim.

V.

In conclusion, we hold that the district court did not abuse its discretion in denying O'Bright's motion for a new trial in regard to O'Bright's claim that he was entitled to maintenance and cure as a matter of law. We also hold that the district court's Jones Act jury instruction adequately stated the controlling law and, therefore, were not an abuse of discretion. Accordingly, the judgment and order of the district court are affirmed.

*AFFIRMED*