Robert R. STEWART

v.

S.S. RICHMOND, etc., and Albatross Shipping Corporation.

No. 5509–B.

United States District Court
E. D. Louisiana.

Jan. 31, 1963.

Kierr &ˈGainsburgh, Samuel C. Gainsburgh, Theodore J. Pfister, Jr., New Orleans, La., for libellant.

Chaffe, McCall, Phillips, Burke, Toler & Hopkins, James G. Burke, Jr., New Orleans, La., for respondent.

ELLIS, District Judge.

This cause having come on for hearing on a former day on libellant's motion for partial summary judgment for payment of maintenance and damages for failure to pay maintenance, and

The Court, having considered the pleadings, documents and depositions in evidence, and the arguments of counsel, makes the following Findings of Fact and Conclusions of Law:

This Court has jurisdiction of this matter under the admiralty and maritime jurisdiction of this Court through the seizure of the Steamship RICHMOND and the appearance of the respondent, Albatross Shipping Corporation. Libellant, Stewart, was formerly a seaman aboard the SS RICHMOND and he was injured in the course of his duties. At the termination of the voyage he presented himself to the Public Health Service Hospital in New Orleans where he has been an out-patient continuously since August 26, 1962. Libellant presented his Medical Report of Duty Status to respondent and received maintenance, pursuant to a collective bargaining agreement, in the amount of $8.00 per day through October 23, 1962. Thereafter, in spite of libellant's continuing to present his Medical Report of Duty Status which continuously reported him as unfit for duty, respondent refused to pay maintenance to libellant. Respondent claims that this was due to an investigation of the maintenance claim which began after October 23, 1962. On November 2, 1962, libellant retained counsel who filed this action. Libellant, personally and through his proctor, has continuously demanded payment of maintenance, but respondent has continuously refused to pay it. This motion seeks partial summary judgment on two of the three claims made by libellant, i. e. payment of maintenance and damages for willful failure to pay maintenance.

The documents and evidence submitted by libellant and undenied by respondent indicate that libellant had not reached maximum cure on January 16, 1963; that he was examined by Dr. Daniel C. Riordan, a doctor of respondent's choice on December 14, 1962, who submitted a report on January 3, 1963, stating that libellant was not fit for duty; that libellant has diligently prosecuted his claim for maintenance; that libellant was reduced to virtual beggary through lack of funds; that libellant, along with his wife and six children were threatened with eviction; that respondent has offered no just reason for failure to pay maintenance; and that libellant is entitled to maintenance through January 16, 1963, in the amount of $680.00.

██ The law is clear that a seaman is entitled to be paid maintenance by his employer for injuries sustained in the service of his ship until such time as he reaches maximum cure or is beyond reasonable prospect for improvement in view of contemporaneous medical knowledge upon the particular subject of his infirmity. Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850; Hylton v. Standard Fruit & Steamship Co., (E.D.La.) 148 F.Supp. 234; Gilmore & Black, THE LAW OF ADMIRALTY, pp. 253–262. When a claim for maintenance is made, there is an affirmative duty upon the shipowner to investigate the claim with reasonable diligence. Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88. The shipowner

may not attempt to defeat the claim through technicalities. Couts v. Erickson, (5 Cir.) 241 F.2d 499. Moreover when there is substantial evidence that a shipowner is dilatory in making such an investigation or if it fails to make an investigation which would have disclosed the merit of the seaman's claim, the seaman may recover the damages resulting from the failure to pay maintenance, as well as attorney fees incurred in getting the maintenance from the shipowner. Vaughan v. Atkinson, supra.

■ Such a situation obtains here. Respondent paid maintenance to libellant through October 23, 1962, and then began its investigation. At this point maintenance payments ceased, even though libellant presented "unfit for duty" certificates and respondent's own doctor submitted his report on January 3, 1963, stating that libellant was unfit for duty and had not reached maximum cure. Respondent still has not paid maintenance to libellant through January 16, 1963. The Court's conclusion is that libellant was entitled to maintenance and respondent was lax in investigating a claim which they would have found to have merit. Even after getting overwhelming proof of the merit of the claim, respondent still failed to pay the maintenance through January 16, 1963. This Court finds that the refusal to pay maintenance was arbitrary and unreasonable.

Obviously libellant is entitled to his accumulated maintenance and this Court so orders. In addition this Court finds his damages due to the failure to pay maintenance are fairly assessed at $200.00 plus attorney's fees which are assessed at $100.00.

IT IS ORDERED, ADJUDGED AND DECREED THAT:

(a) the motion for partial summary judgment be, and the same is hereby GRANTED;

(b) there be judgment herein in favor of libellant, Robert R. Stewart, and against respondents, Steamship RICHMOND and Albatross Shipping Corporation, and that, in consequence hereof, libellant take, have and recover of said respondents the full sum of Nine Hundred Eighty and No/100 ($980.00) Dollars.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the foregoing shall be without prejudice to the rights of libellant and the defenses of respondents regarding maintenance beyond January 16, 1963, and regarding damages which libellant claims for alleged negligence of respondents and the alleged unseaworthiness of the Steamship RICHMOND.