Aloysius **ROBERTS**, Libellant-Appellant-
Appellee,

v.

**S.S. ARGENTINA and Moore-McCormack Lines, Inc., Respondents-Appellees-Appellants.**

**No. 332, Docket 29499.**

United States Court of Appeals
Second Circuit.

Argued April 12, 1966.

Decided April 26, 1966.

William M. Kimball, New York City (Burlingham, Underwood, Barron, Wright & White, New York City, on the brief), for respondents-appellees-appellants.

Sidney Zwerling, New York City (Zwerling & Zwerling, New York City, on the brief), for libellant-appellant-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and ANDERSON, Circuit Judges.

PER CURIAM:

Libellant commenced this action for maintenance and cure. The case came on before Judge Croake in the Southern District of New York who decided it on the basis of an agreed statement of facts. The libellant was awarded $320, but his claim for counsel fees was denied. Both parties have appealed. The libellant claims that he is entitled to counsel fees within the rule of Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), and the respondents appeal from the award of maintenance and cure. We affirm in all respects.

After reviewing the brief record, we conclude that the award for maintenance and cure was properly allowed and it is affirmed. With regard to the allowance of attorney's fees, we think that Vaughan v. Atkinson, supra, should be read to allow recovery of counsel fees only where the employer is shown to have been "callous" or "recalcitrant" in refusing to pay maintenance and cure when demanded by a seaman. Although one or two district courts have awarded counsel fees under a very broad interpretation of Vaughan v. Atkinson, supra, see Jordan v. Norfolk Dredging Co., 223 F.Supp. 79 (E.D.Va.1963), the overwhelming ma-

jority of district courts have required a showing of callousness or recalcitrance in withholding maintenance and cure to support such an allowance. See, e. g., Pyles v. American Trading & Production Corp., 244 F.Supp. 685, at 687 (S.D.Tex. 1965); Connorton v. Harbor Towing Corp., 237 F.Supp. 63, at 68 (D.Md. 1964); Diaz v. Gulf Oil Corp., 237 F. Supp. 261, 266 (S.D.N.Y.1965); Diddlebock v. Alcoa Steamship Company, 234 F.Supp. 811, at 814 (E.D.Pa.1964); and Vaughan v. Atkinson, 206 F.Supp. 575, at 577 (E.D.Va.1962) (after remand from 369 U.S. 527, 82 S.Ct. 997, supra). We hold that the view of the majority is correct.

As there is nothing to indicate that Moore-McCormack was not acting in good faith in this case, we are of the opinion that the claim for counsel fees was properly disallowed.

The judgment is affirmed.