**Anthony P. KRALJIC, Plaintiff-Appellee,**

**v.**

**BERMAN ENTERPRISES, INC., and General Marine Transport Corp., Defendants,**

**Berman Enterprises, Inc., Defendant-Appellant.**

No. 731, Docket No. 77–7580.

United States Court of Appeals, Second Circuit.

Argued March 15, 1978.

Decided May 9, 1978.

Robert A. Fitch, Newman & Schlau, New York City, for plaintiff-appellee.

Jared Stamell, New York City, for defendant-appellant.

Before GEWIN * and MULLIGAN, Circuit Judges, and MILLER,** Judge.

MULLIGAN, Circuit Judge:

This appeal raises a novel issue in this circuit. May a seaman in an action for maintenance and cure recover in addition to compensatory damages, both attorney's fees and punitive damages?

Anthony P. Kraljic sustained injuries during the course of his employment while working as a seaman for the appellant, Berman Enterprises, Inc. (Berman), which by stipulation of the parties for the purpose of the trial was deemed to be the owner and operator of the tugboat on which appellee was employed. Kraljic brought suit in the United States District Court for the Eastern District of New York against his employer seeking damages under the Jones Act and General Maritime Law for the negligence of the appellant, the unseaworthiness of the vessel and for failure to pay maintenance and cure. After a three-day jury trial before Chief Judge Jacob Mishler, the jury found that the plaintiff was entitled to compensatory damages in the amount of $19,650 on the negligence and unseaworthiness claims ($26,200 reduced by 25% for his contributory negligence) and $900 for maintenance and cure plus interest. Attorney's fees of $300 for the maintenance and cure representation were also awarded by the court, the amount having been agreed upon by the parties. In addition, the jury awarded Kraljic $3,000 in punitive damages on the maintenance and cure claim. Berman appeals solely from the award of punitive damages.

## I

The leading case on the issue, *Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), is relied upon by both parties to this appeal. In that case, Mr. Justice Douglas, writing for the majority, held that in an action for maintenance and cure the seaman is entitled not only to a recovery of his actual damages but also to an award of counsel fees where the defendant's default is "callous" or "willful and persistent".

While the result is unambiguous the theory upon which the majority awarded counsel fees is not clearly articulated. On the one hand Justice Douglas stated,

While failure to give maintenance and cure may give rise to a claim for damages for the suffering and for the physical handicap which follows . . . the recovery may also include "necessary expenses." *Cortes v. Baltimore Insular Line*, 287 U.S. 367, 371, 53 S.Ct. 173, 77 L.Ed. 368.[1]

369 U.S. at 530, 82 S.Ct. at 999. This might lead one to conclude that the award of attorney's fees was compensatory as a "necessary expense," rather than based on a punitive damage theory. However, it then becomes difficult to understand the Court's emphasis on the malice of the shipowner. His refusal to supply maintenance and cure was termed "callous". Id. Indeed, his "default was willful and persistent." Id. at 531, 82 S.Ct. 997. Moreover, the Court took pains to point out that the obligation of the shipowner to provide maintenance and cure was not contractual. It quoted with approval, 369 U.S. at 532–33, 82 S.Ct. 997, Mr. Justice Cardozo's opinion in *Cortes v. Baltimore Insular Line, supra*, 287 U.S. at 371, 53 S.Ct. 173, 174, where, in characteristic language, he explained the nature of the employer's duty to provide maintenance and cure:

maintenance or cure has caused or aggravated an illness, the seaman has his right of action for the injury thus done to him, the recovery in such circumstances including not only necessary expenses, but also compensation for the hurt." Since counsel fees are nowhere mentioned in the opinion, it is probable that the expenses referred to were medical and not legal. See G. Gilmore & C. Black, Jr., The Law of Admiralty 311 (2nd ed. 1975).

---

* Hon. Walter P. Gewin, Circuit Judge, U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

** Hon. Jack R. Miller, Judge, U.S. Court of Customs and Patent Appeals, sitting by designation.

1. The reference to Mr. Justice Cardozo's opinion in *Cortes v. Baltimore Insular Line* is apparently to this sentence: "If the failure to give

The duty to make such provision is imposed by the law itself as one annexed to the employment. Contractual it is in the sense that it has its source in a relation which is contractual in origin, but given the relation, no agreement is competent to abrogate the incident. (Citation omitted).

It is well understood that punitive damages are not recoverable in an action for breach of contract. E. g., A.L.I., Restatement of Contracts § 342 (1932); C. McCormick, Damages § 81 (1935); J. Calamari & J. Perillo, Contracts § 204 (1970). We conclude therefore that the majority in *Atkinson*, by eschewing a contractual basis for the employer's maintenance and cure obligation and by stressing the willfulness of the shipowner's conduct, was in fact awarding counsel fees as punitive damages.

Unlike the majority opinion, Mr. Justice Stewart's dissent is not ambiguous on this point. He found no authority for holding that a seaman could recover counsel fees as compensatory damages. Rather, the dissent found that:

> [I]f the shipowner's refusal to pay maintenance stemmed from a wanton and intentional disregard of the legal rights of the seaman, the latter would be entitled to exemplary damages in accord with traditional concepts of the law of damages. While the amount so awarded would be in the discretion of the fact finder, and would not necessarily be measured by the amount of counsel fees, indirect compensation for such expenditures might thus be made.

369 U.S. at 540, 82 S.Ct. at 1004 (citation omitted).

The only case in this circuit discussing the issue is *Roberts v. S.S. Argentina*, 359 F.2d 430–31 (1966) where we held:

> With regard to the allowance of attorney's fees, we think that *Vaughan v. Atkinson*, supra, should be read to allow recovery of counsel fees only where the employer is shown to have been "callous" or "recalcitrant" in refusing to pay maintenance and cure when demanded by a seaman. Although one or two district

courts have awarded counsel fees under a very broad interpretation of *Vaughan v. Atkinson*, supra, the overwhelming majority of district courts have required a showing of callousness or recalcitrance in withholding maintenance and cure to support such an allowance. (Citations omitted.)

This court in *Roberts*, finding that there was nothing to indicate that the defendant was not acting in good faith, affirmed the disallowance of counsel fees.

■ We thus conclude that the majority opinion in *Atkinson* permits a recovery of counsel fees in a maintenance and cure case not as compensatory damages but only where there is a willful refusal by the shipowner to provide maintenance and cure. Recovery of such fees is therefore based upon the traditional theory of punitive damages.

■ Hence, the ultimate issue on this appeal is whether punitive damages in a maintenance and cure case are limited to counsel fees or whether, as the dissent in *Atkinson* would have it, they are to be awarded in the discretion of the jury without limitation except for the normal caveat that they be not grossly excessive. The seaman surely is not entitled to separate awards of both, a redundant recovery without precedent in American jurisprudence.

Appellee relies on two district court cases, *Solet v. M/V Captain H. V. Dufrene*, 303 F.Supp. 980 (E.D.La.1969) and *Stewart v. S.S. Richmond*, 214 F.Supp. 135 (E.D.La. 1963), which awarded a recovery for maintenance and cure plus attorney's fees and damages not characterized in either opinion as "punitive". In *Solet* the court held, "the plaintiff is entitled to recover attorney's fees and damages for the willful failure to pay maintenance clearly due. . . . The court will hear evidence to determine the amount of damages, if any, and a reasonable attorney's fee." 303 F.Supp. at 989. That the court found it necessary to consider the evidence as to the amount of damages and left open the possibility that none would be proved, strongly suggests the damages were compensatory in nature.

Yet the fact that plaintiff's entitlement was based on a "willful failure" of defendant to pay maintenance and cure would seem to indicate that the damages were punitive. The same apparently inconsistent reasoning is present in *Stewart* where the damages awarded for willful failure to pay maintenance and cure were limited to those flowing from that failure. See 214 F.Supp. at 137.

In these two cases the district courts apparently confused two types of damages—i. e., those resulting from aggravation of the injury caused by failure to pay maintenance and cure and attorney's fees allowable only when there has been a willful failure to make such payments. The latter type is governed by *Vaughan v. Atkinson, supra*. As to the former the law is clear:

> If the master or owner fails to provide proper care and as a result the seaman's condition is aggravated, the shipowner is liable not only for the increased medical expenses and maintenance that may become necessary but also for resulting damages. That is to say, following such a breach of duty the seaman may recover full tort damages, including compensation for total or partial disability which, the Taylor and Warren cases held, was not recoverable in an ordinary or unaggravated maintenance and cure action.

G. Gilmore & C. Black, Jr., The Law of Admiralty 311 (2nd ed. 1975) (footnote omitted).[2] This was the type of damage Justice Cardozo discussed in *Cortes v. Baltimore Insular Line, supra*. See note 1, *supra*. Upon analysis, neither *Solet* nor *Stewart* supports the contention that punitive damages may be awarded in maintenance and cure cases in addition to counsel fees.

We have found no authority awarding separately both punitive damages and attorney's fees.[3] On the contrary the routine practice has been for plaintiffs' counsel to include simply a demand for counsel fees in all maintenance and cure cases; the award is permitted where the defendant's conduct has been willful and persistent. G. Gilmore & C. Black, Jr., Law of Admiralty 313–14 (2nd ed. 1975).

When counsel initially requested a charge on punitive damages Chief Judge Mishler commented, "In my seventeen years I haven't had a single plaintiff come in and ask for punitive damages for failure to pay maintenance and cure." However, he was persuaded to charge punitive damages by the opinion in *Robinson v. Pocahontas, Inc.*, 477 F.2d 1048 (1st Cir. 1973). In that case the court upheld a recovery of $21,366.06 on the maintenance and cure claim of which $10,000 was designated as punitive damages. We note initially that there was no separate award of counsel fees so that the issue of double punitive damages was not before the court. The court justified the punitive damage award primarily by relying on Mr. Justice Stewart's dissenting opinion in *Atkinson* which, as we have indicated, would have awarded exemplary damages under traditional concepts not necessarily limited to the amount of counsel fees. The obvious difficulty with this approach is that the court followed the views of the dissenters in *Atkinson* and not the majority. The court, we believe, correctly perceived that both majority and minority opinions in *Atkinson* in essence found that punitive

---

2. As the court stated in *Blanchard v. Cheramie*, 485 F.2d 328, 331 (5th Cir. 1973):
   Failure to give maintenance and cure may give rise to a claim for damages for the suffering, for the physical handicap, which follows, and reasonable attorney fees may be allowed where required to obtain recovery from a callous, recalcitrant vessel owner. *Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962).

3. *Roberson v. S/S American Builder*, 265 F.Supp. 794 (E.D.Va.1967), relied upon by appellee, provides no support for his position. There it is clear that the damages for malicious behavior were measured by attorney's fees. The court phrased the question of damages as follows: "to what extent should the shipowner respond in damages incurred by reason of attorney's fees in [plaintiff's] efforts to collect the maintenance legally due to him under the doctrine enunciated in *Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88." Id. at 799. From the method of computation employed (one-third of the maintenance due during the period of defendant's recalcitrance) it is quite clear that the court in *Roberson* was only awarding counsel fees.

damages were awardable in maintenance and cure cases. 477 F.2d at 1051. The inescapable fact is, however, that the majority opinion in *Atkinson* limited that recovery to counsel fees despite the explicit view of the dissenters that no such curb be imposed. As the dissenting opinion pointed out, there had been no previous holding of the Court permitting an award of punitive damages in such cases. See 369 U.S. at 539–40, 82 S.Ct. 997. It was created by the majority, which was obviously sensitive to the plight of seamen and to the liberality shown by admiralty courts in interpreting this historical duty of providing maintenance and cure for the benefit of its wards, the seamen. Yet the majority saw fit to go no further than to allow punitive damages limited to counsel fees.[4]

We acknowledge that there is much to be said for the argument that if punitive damages are to be awarded there should be no reason to so limit them uniquely in maintenance and cure cases. Nonetheless, this is the holding of the *Atkinson* majority and we feel constrained to follow it.

Apparently this has also been the implicit understanding of the admiralty bar as well since for the more than 15 years since *Atkinson* there have been no reported cases in this circuit in which the seaman has successfully obtained more than counsel fees as damages for the defendant's willful refusal to pay maintenance and cure.

Appellant, while admitting that counsel fees are recoverable where the defendant's refusal to pay maintenance and cure is "willful and persistent" or "callous," and not disputing on this appeal that counsel fees were properly recoverable, has urged that its conduct was not sufficiently heinous to merit an award of punitive damages. We refuse to draw any distinction in degree between the pejorative adjectives employed to describe defendant's behavior

in maintenance and cure cases allowing counsel fees and those used in normal punitive damage cases. There was no real difference between the type of behavior described by the majority in *Atkinson* to justify the award of counsel fees and by the minority to support a finding of punitive damages not limited to counsel fees. A finding of a wanton and intentional disregard of a seaman's rights would be necessary to trigger either type of award no matter what judicial epithet is employed to describe the conduct.

The trial court therefore erred in submitting the request for punitive damages to the jury. Consequently, the judgment entering the $3,000 award of punitive damages is reversed. The case is remanded for entry of judgment in accordance with this opinion.

---

4. This limitation on punitive damages is not unprecedented. C. McCormick, Damages §§ 78, 85 (1935). In Connecticut exemplary damages are limited to the expenses of litigation, including attorney's fees. *United Aircraft Corp. v. Internatioanl Ass'n of Machinists*, 161 Conn. 79, 285 A.2d 330, 345 (1971), cert. denied, 404 U.S. 1016, 92 S.Ct. 675, 30 L.Ed.2d 663 (1972); *Collens v. New Canaan Water Co.*, 155 Conn. 477, 234 A.2d 825, 831–32 (1967). One esteemed commentator has praised "the practical common sense of this restriction." McCormick, *supra*, § 85 at 297.