**Michael HOEFFLING, Plaintiff,**

v.

**UNITED STATES STEEL, GREAT LAKES FLEET, INC.,
Defendant.**

**No. 91–CV–73136–DT.**

United States District Court,
E.D. Michigan, S.D.

Dec. 5, 1991.

Dennis M. O'Bryan, O'Bryan Law Center, Birmingham, Mich., for plaintiff.

Richard C. Sanders, Hill Lewis Law Firm, Detroit, Mich., William D. Carle, III, Robert T. Coniam, Cleveland, Ohio, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS CLAIM FOR PUNITIVE DAMAGES

HACKETT, District Judge.

Pursuant to Fed.R.Civ.P. 12(b)(6), defendant filed a motion to dismiss plaintiff's claim for punitive damages under the admiralty doctrine of maintenance and cure. Plaintiff opposes the motion.

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on an issue of law. In considering a Rule 12(b)(6) motion, a court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent

with the allegations would entitle the plaintiff to relief." *G.M. Engineers and Associates, Inc. v. West Bloomfield Tp.*, 922 F.2d 328, 330 (6th Cir.1990).

Defendant contends that punitive damages are not recoverable under the doctrine of maintenance and cure. Defendant argues that *Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962) controls. In *Vaughan* the Supreme Court ruled that defendant's callous and recalcitrant refusal to investigate an injured seaman's claim entitled the seaman to reimbursement of legal expenses. *Id.* at 530–31, 82 S.Ct. at 999. Nowhere in the majority opinion does the court discuss punitive damages.

Defendant contends that since the *Vaughan* decision a minority of courts have allowed punitive damages and attorney fees for an employer's arbitrary and capricious refusal to pay maintenance and cure. Defendant cites a split in the circuits on this issue. *See Kraljic v. Berman Enterprises, Inc.*, 575 F.2d 412 (2nd Cir.1978), *but cf. Robinson v. Pocahontas, Inc.*, 477 F.2d 1048 (1st Cir.1973); *Holmes v. J. Ray McDermott & Co.*, 734 F.2d 1110 (5th Cir. 1984).

Defendant urges the court to find persuasive *Owens v. Conticarriers & Terminals, Inc.*, 591 F.Supp. 777, 790–92 (W.D.Tenn.1984), the only reported authority in the Sixth Circuit on punitive damages for maintenance and cure. In *Owens* the court discussed *Vaughan* and its progeny and limited plaintiff's recovery to attorney fees.

Plaintiff argues that a majority of circuits have allowed punitive damages as a component of the attorney fee award in *Vaughan*. *See Saeed v. Rouge Steel Co.* 1989 AMC 2394 (E.D.Mich.1989). Plaintiff further contends that punitive damages are allowable under general maritime law and should not be confused with the disallowance of such a remedy under the Jones Act.

There is a noticeable absence of case authority in the Sixth Circuit on this issue. In order to properly rule on this issue, the court must best determine what the Sixth Circuit would do. Dicta in *Al–Zawkari v.* *American Steamship Co.*, 871 F.2d 585 (6th Cir.1989) appears to indicate that this circuit has adopted the view of the Fifth Circuit on this issue. In a footnote in *Al–Zawkari* the Court of Appeals cites to *Breese v. AWI, Inc.*, 823 F.2d 100, 103 (5th Cir.1987) for the standard of review in "admiralty attorney fee/punitive damages" claims and to *Holmes v. J. Ray McDermott & Co.*, 734 F.2d 1110, 1118 (5th Cir.1984) for the proposition that a "shipowner's conduct must be 'willful, callous and persistent,' 'arbitrary and capricious' or 'callous and recalcitrant' to support an award of attorneys fees and punitive damages." *Al–Zawkari, supra* at 590, fn. 8. Thus, the court finds that a claim for punitive damages under the doctrine of maintenance and cure is recognizable in this circuit. Under the standards of Rule 12(b)(6), facts could exist to entitle plaintiff relief on this claim. Accordingly,

IT IS ORDERED that defendant's motion to dismiss plaintiff's claim for punitive damages under the doctrine of maintenance and cure hereby is DENIED.