**13-1976-cv**
**Hicks v. Vane Line Bunkering, Inc.**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2014

(Submitted: January 15, 2014          Decided: April 17, 2015)

Docket No. 13-1976-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CIRO CHARLES HICKS,
          Plaintiff-Appellee,

v.

TUG PATRIOT, In Rem,
          Defendant,


VANE LINE BUNKERING, INC.,
          Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before WINTER, STRAUB, and HALL, Circuit Judges.

Appeal from a denial by the District Court for the Southern District of New York (Katherine B. Forrest, Judge) of appellant's motion to set aside a jury verdict. The jury found that appellant willfully breached its maritime law maintenance and cure obligations and awarded both compensatory and punitive damages to appellee. Further, based on the jury's finding of willful misconduct, the district court granted appellee's motion for attorney's fees. On appeal, we consider whether the district court abused its discretion in finding that the record supported the jury's pain-and-suffering award, and whether a court may

1

award both punitive damages and attorney's fees in an action for maintenance and cure.

Affirmed.

Paul T. Hofmann, Hofmann & Schweitzer, New York, NY, for Plaintiff-Appellee.

Michael D. Wilson, John J. Sullivan and Caspar F. Ewig, Hill Rivkins LLP, New York, NY, for Defendant-Appellant.

WINTER, Circuit Judge:

Vane Line Bunkering, Inc. appeals from a money judgment for Ciro Charles Hicks following a jury trial before Judge Forrest. The jury found that appellant breached its maritime law duty of providing maintenance and cure[1] following a shoulder injury Hicks sustained while working on board the Tug PATRIOT. It awarded Hicks the unpaid maintenance and cure and damages for pain and suffering caused by the breach. Further, the jury found that appellant's conduct was willful and awarded punitive damages. Finally, based on the jury's finding of willfulness, the district court granted Hicks's motion for reasonable attorney's fees.

Appellant argues that the evidence that appellant's acts and

---

[1] "Maintenance and cure" refers to the well-settled doctrine of maritime law that a seaman "injur[ed] in the performance of his duty is entitled to be treated and cured at the expense of the ship." The Osceola, 189 U.S. 158, 173 (1903), superseded by statute on other grounds, The Jones Act, 46 U.S.C. § 30104 (creating a statutory cause of action for negligence). Maintenance includes a seaman's living allowance and unearned wages. Gilmore & Black, The Law of Admiralty § 6-12, at 267-68 (2d ed. 1975).

omissions caused Hicks's pain and suffering was insufficient as a matter of law. Although it arguably waived the argument, appellant also objects to the award of punitive damages in addition to and/or in excess of the amount of attorney's fees. We affirm.

BACKGROUND

In light of the jury verdict for appellee, we view the trial record in the light most favorable to him. See Kosmynka v. Polaris Indus., Inc., 462 F.3d 74, 77 (2d Cir. 2006).

Hicks was employed by appellant as a deckhand on the Tug PATRIOT. On April 21, 2009, while on deck handling heavy towing gear, he injured his shoulder. Two days later, an orthopedist diagnosed a possible rotator cuff tear. The doctor injected Hicks with cortisone to relieve the pain and gave him a fit-for-duty slip. Prior to returning to work, Hicks was required to see a company doctor, who determined that Hicks was not fit for duty. Subsequently, appellant confirmed in writing its obligation under maritime law to pay sums for Hicks's maintenance and cure, reasonable medical expenses and maintenance costs until his full recovery, maximum improvement, or until his condition was declared permanent.

On July 1, 2009, Hicks underwent surgery on his shoulder. He experienced significant discomfort before and after the surgery. For several months following the procedure, he received

3

in-office and at-home physical therapy while continuing to experience significant pain. In December 2009, he informed his treating physician that he still had significant limitations of range of motion of his arm.

Appellant hired a private investigator to videotape Hicks surreptitiously. The video captured him on videotape planting a small tree and playing with his grandson. When Hicks's doctor requested funding for an additional MRI scan, he was shown this footage and a document detailing the physical requirements of Hicks's job. Based on this video and the suggestion -- which appellant now admits was false -- that Hicks's job required only light lifting, the doctor determined that Hicks was fit for duty. Appellant accordingly informed Hicks that it would terminate maintenance and cure payments effective May 9, 2010.

Beginning in August 2010, Hicks sought continuing care from a second doctor, who diagnosed a recurrent rotator cuff tear. In February 2011, this doctor recommended another surgery plus six months of rehabilitation to repair the additional damage. Under financial pressure caused by the meager maintenance and cure appellant had paid him -- $15 per day compared to actual costs of $69.67 per day for food and lodging -- and had now terminated, Hicks returned to work while still injured. Severe financial difficulties caused him to miss some of his physical therapy appointments. During this time, his house was put into

4

foreclosure, and he was unable to pay for health insurance.

In November 2011, Hicks brought the present action. His claims were based on negligence under the Jones Act and the maritime doctrines of unseaworthiness and maintenance and cure. The jury found that appellant had not been negligent and the PATRIOT was seaworthy, but that appellant had breached its obligation of maintenance and cure by paying Hicks an insufficient per diem and prematurely ceasing payments.

The jury awarded $77,000 in compensatory damages for past maintenance and cure from April 22, 2009 to the date of the verdict; $16,000 in future maintenance and $97,000 in future cure through April 2013; and $132,000 in compensation for past pain and suffering. The jury also found that appellant's failure to pay maintenance and cure was unreasonable and willful and awarded $123,000 in punitive damages. Based on the finding of willfulness, the district court, upon a motion under Fed. R. Civ. P. 54(d), granted Hicks an additional $112,083.77 in attorney's fees.

Appellant moved, unsuccessfully, for judgment as a matter of law or a new trial under Fed. R. Civ. P. Rules 50(b) and 59 respectively. This appeal followed.

DISCUSSION

We review a denial of a Rule 50(b) motion de novo and the denial of a Rule 59 motion for abuse of discretion. See Fabri v.

5

United Techs. Int'l, Inc., 387 F.3d 109, 119 (2d Cir. 2004); Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 131-32 (2d Cir. 1999). With respect to attorney's fees, because "resolution of the district court's grant of attorney's fees implicates a question of law, our review is de novo." Garcia v. Yonkers Sch. Dist., 561 F.3d 97, 102 (2d Cir. 2009).

We, therefore, consider: (i) the evidence underlying the award of pain and suffering damages, and (ii) the award of both punitive damages and attorney's fees.

a) Pain and Suffering Damages

An injured seaman may recover damages if the shipowner's failure to pay maintenance and cure caused pain and suffering by prolonging or aggravating the initial injury. See Vaughan v. Atkinson, 369 U.S. 527, 539 (1962) (Stewart, J., dissenting); Cortes v. Baltimore Insular Line, Inc., 287 U.S. 367, 371 (1932); Williams v. Kingston Shipping Co., 925 F.2d 721, 723 (4th Cir. 1991) (discussing availability of "money damages for any prolongation or aggravation of the physical injury"); accord Hines v. J. A. LaPorte, Inc., 820 F.2d 1187, 1190 (11th Cir. 1987) (per curiam) (pain and suffering damages awarded where failure to pay maintenance "aggravated Hines' condition, prolonged his pain and suffering, and lengthened the time required for him to reach maximum cure").

In arguing that the evidence was insufficient as a matter of

6

law to support an award for pain and suffering, appellant relies heavily on statements by Hicks that his condition did not significantly improve after the initial injury. Appellant argues from these statements that Hicks's pain and suffering were entirely attributable to the original injury and not to appellant's failure to fulfill its maintenance and cure duties. However, under our caselaw, a plaintiff need not show an additional discrete injury or illness resulting from the failure to pay maintenance and cure. See Rodriguez Alvarez v. Bahama Cruise Line, Inc., 898 F.2d 312, 314-15 (2d Cir. 1990) (duty to furnish maintenance and cure continues until seaman fully recovers). Rather, the prolonging or worsening of a condition as a result of the employer's breach will sustain a pain and suffering damages award. See Messier v. Bouchard Transp., 688 F.3d 78, 84-85 (2d Cir. 2012) (duty to pay maintenance and cure extends to aggravation of preexisting illness). And, in maintenance and cure cases, "doubts regarding a shipowner's liability . . . should be resolved in favor of the seamen." Padilla v. Maersk Line, Ltd., 721 F.3d 77, 81-82 (2d Cir. 2013), cert. denied, 134 S. Ct. 1309 (2014) (citing Atkinson, 369 U.S. at 532).

In the present case, the jury could easily have found that appellant's discontinuation of maintenance and cure benefits caused injuries to Hicks, both physical and otherwise. It could

7

also have found that the insufficient payments forced Hicks back to work before physical therapy could render him fit.  Indeed, Hicks's second doctor diagnosed a recurrent rotator cuff tear and determined the need for a second surgery, which would have required yet another long bout of physical therapy.  Furthermore, Hicks suffered emotional distress stemming from the loss of his home and health insurance, both of which could have been found by the jury to have been caused, at least in part, by appellant's inadequate payments and discontinuation of benefits.  See, e.g., Sims v. U.S. of Am. War Shipping Admin., 186 F.2d 972 (3d Cir.), cert. denied, 342 U.S. 816 (1951).

Although appellant attempts to cast the causation issue as one of law, the causal link between the cessation of benefits and the harms to Hicks for which damages are sought was for determination by the jury.  Based on the evidence, therefore, the district court did not abuse its discretion in holding that the jury acted reasonably in its award for pain and suffering.

b) Attorney's Fees in Addition to Punitive Damages

In the district court, the parties did not squarely address the issue of the amount of punitive damages recoverable in a maintenance and cure action.  However, because this issue is a pure question of law, we may reach it regardless of waiver.  See Magi XXI, Inc. v. Stato della Città del Vaticano, 714 F.3d 714, 724 (2d Cir. 2013) ("[W]e have exercised our discretion to hear

8

otherwise waived arguments . . . where the argument presents a question of law and there is no need for additional fact-finding.")(internal quotation marks and citations omitted).

We perceive a need to address the issue here. The judgment of the district court here is inconsistent with a decision of another district court in this circuit. McMillan v. Tug Jane A. Bouchard, 885 F. Supp. 452, 466 (E.D.N.Y. 1995) (holding that punitive damages in maintenance and cure cases are limited to reasonable attorneys' fees). The conflict is the result of our decision in Kraljic v. Berman Enter., Inc., 575 F.2d 412, 415-16 (2d Cir. 1978). That decision held that, in maintenance and cure cases, the amount of punitive damages is limited to the amount of reasonable attorneys' fees.

As a result, we examine the decision in Kraljic, and the one by the Supreme Court, Vaughan v. Atkinson, 369 U.S. 527 (1962), that spurred it, in some detail. We also examine developments after Kraljic, including a Supreme Court decision, Atlantic Sounding Co. v. Townsend, 557 U.S. 404 (2009), that undermines Kraljic.

Kraljic, 575 F.2d at 416, reluctantly concluded that limiting punitive damages in maintenance and cure cases to reasonable attorney's fees was required by Atkinson. Atkinson was a cryptic decision embodied in an opinion written by Justice Douglas. It involved a shipowner's failure to pay maintenance

9

and cure, after which the ill seaman successfully sought damages for the unpaid amounts and counsel fees for being forced to go to court to remedy the owner's breach.

Atkinson's discussion of the attorney's fees issue was all of three paragraphs long and conflated the issues of compensatory and punitive damages. Atkinson noted that the seaman's claim for attorney's fees did not concern taxable costs; rather, it involved "necessary expenses" incurred as a result of the owner's breach of duty, 369 U.S. at 530, i.e. being "forced to hire a lawyer . . . to get what was plainly owed him," id. at 531. However, after this language, which clearly sounds in compensatory damages, Kraljic, 575 F.2d at 413 ("This might lead one to conclude that the award of attorney's fees was compensatory . . . ."), the Atkinson opinion then noted that the owner's conduct involved both the lack of any investigation into the seaman's claim and silence as to the claim's merits. 369 U.S. at 530-31. The Atkinson opinion described this conduct as a "recalcitrance" that was "callous," "willful," and "persistent." Id. This language was deemed by us to sound in punitive damages. Kraljic, 575 F.2d at 414 ("Recovery of [attorney's] fees is therefore based upon the traditional theory of punitive damages.")

The dissenters in Atkinson argued that there was no basis for an award of counsel fees as compensatory damages but that the

10

conduct of the owner might support an award of "exemplary damages in accord with traditional concepts of the law of damages."  369 U.S. at 540.  The dissent noted, however, that punitive damages "would not necessarily be measured" by counsel fees but might provide "indirect compensation for such expenditures."  Id.

Our decision in Kraljic read Atkinson to authorize punitive damages in maintenance and cure cases but to limit such damages to an award of reasonable attorney's fees.  Kraljic, 575 F.2d at 416.  We did so reluctantly, believing that we were "constrained" by Atkinson.  Id.  However, our rationale for reading Atkinson to impose such a limit, as best we can determine at this distance in time, was that Atkinson authorized an award of attorney's fees only where the owner's conduct was sufficiently egregious to justify a punitive award.  Based on the Atkinson dissent's view that a punitive award, but not one measured by fees, was available and our view in Kraljic that "[t]he seaman surely is not entitled to separate awards of both [punitive damages and fees]," id. at 414, we inferred that the Atkinson majority authorized an award of punitive damages but limited it to attorney's fees.

Lost in this chain of reasoning was the fact that the seaman in Atkinson sought only counsel fees and not punitive damages. The Supreme Court majority, therefore, had no reason to consider, much less discuss, the availability of punitive damages in excess

11

of, or in addition to, counsel fees. While the dissenters did mention punitive damages and the fact that they are not measured by attorney's fees, as described above, the majority ignored the dissent. The inference that we appeared to have drawn from the dissent, based in part on our view that separate awards of both punitive damages and counsel fees would be impermissible, id., was certainly not an inescapable interpretation of the cryptic opinion in Atkinson. Indeed, Kraljic's limitation of punitive damages to counsel fees is an outlier, expressly rejected by some courts, e.g., Hines, 820 F.2d at 1189, simply ignored by others, e.g., Robinson v. Pocahontas, Inc., 477 F.2d 1048, 1051-52 (1st Cir. 1973), and adopted by no one outside this circuit. We conclude that it is no longer governing law in this circuit for two reasons.[2]

First, the landscape of Supreme Court caselaw has been substantially altered since Atkinson and Kraljic. In Atlantic Sounding, the Supreme Court held that punitive damages, as traditionally available under the common law, are available in claims arising under federal maritime law, including claims for maintenance and cure. Atlantic Sounding, 557 U.S. at 424. It is incontestable that traditional punitive damages are not limited

---

[2]We have circulated this opinion to all active members of this Court prior to filing. See Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., 585 F.3d 58, 67 & n.9 (2d Cir. 2009); see also Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991).

to the amount of attorney's fees. Nowhere in the <u>Atlantic Sounding</u> opinion is there the slightest hint that such damages are limited to counsel fees. While <u>Atlantic Sounding</u> cited <u>Atkinson</u>, <u>id.</u> at 417 -- seemingly relying more on the dissenting than on the majority opinion -- it never stated or implied that such a limit was contemplated, or was even an open issue left to the future. We believe, therefore, that <u>Kraljic</u>'s holding did not survive <u>Atlantic Sounding</u>.

The landscape has changed in another way that undermines <u>Kraljic</u>. While that opinion relied heavily upon the incompatibility of an award of punitive damages and a separate award of counsel fees, <u>see</u> 575 F.2d at 414, the availability of both punitive damages and attorney's fees awards in the same case, albeit for statutory violations but often on common law grounds with regard to punitive damages, is today not uncommon. <u>See</u>, <u>e.g.</u>, <u>Stanczyk v. City of New York</u>, 752 F.3d 273, 275 (2d Cir. 2014) (in Section 1983 case, the jury awarded plaintiff compensatory damages and punitive damages, and the court subsequently awarded attorney's fees); <u>Kolstad v. Am. Dental Ass'n</u>, 527 U.S. 526, 529 (1999) ("[P]unitive damages are available in claims under Title VII of the Civil Rights Act of 1964."); <u>Farias v. Instructional Sys., Inc.</u>, 259 F.3d 91, 101-03 (2d Cir. 2001) (under Title VII, a plaintiff may be entitled to reasonable attorney's fees and punitive damages) (citing <u>Kolstad</u>,

13

527 U.S. at 529); Feltner v. Columbia Pictures Television, Inc., 523 U.S. 343, 346 (1998) and 17 U.S.C. §§ 504, 505 (under the Copyright Act, a court may "increase the award of statutory damages to a sum of not more than $150,000" and may "award a reasonable attorney's fee"); Fort v. White, 530 F.2d 1113, 1118 (2d Cir. 1976) (under the Fair Housing Act, a plaintiff may be awarded actual as well as punitive damages and attorney's fees); 35 U.S.C. §§ 284, 285 (under the Patent Act, the court "may increase the damages up to three times the amount found or assessed" and may award "reasonable attorney fees"); accord Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337, 1347 (Fed. Cir. 2004) (in a patent infringement case, under 35 U.S.C. § 285, "[t]hat there were not actual damages does not render the award of attorney fees punitive. Attorney fees are compensatory, and may provide a fair remedy in appropriate cases."); cf. Jurgens v. CBK, Ltd., 80 F.3d 1566, 1573 n.4 (Fed. Cir. 1996) ("As a general rule, attorneys fees under [35 U.S.C. §] 285 may be justified by any valid basis for awarding increased damages under section 284. However, conduct which a court may deem 'exceptional' and a basis for awarding attorneys fees may not qualify for an award of increased damages. Even where damages are increased under section 284, a court may decline to award attorneys fees under section 285.") (internal citations omitted).

14

Therefore, <u>Atkinson</u>'s holding that an award for attorney's fees may be made where the refusal to pay maintenance and cure was "callous," "willful," and "persistent" is not inconsistent with a punitive award.  We also perceive no reason why <u>Atkinson</u>'s holding that counsel fees are available for a willful breach of an employer's maintenance and cure obligations is not settled law.  Indeed, as noted, <u>Atlantic Sounding</u> cited <u>Atkinson</u> without any hint of reservation as to the award of fees.  557 U.S. at 417.  Moreover, <u>Atlantic Sounding</u> also cited, seemingly with approval, a court of appeals decision affirming awards of both punitive damages and fees in maintenance and cure cases.  <u>Id.</u> at 408 (citing <u>Hines</u>, 820 F.2d at 1188).  Pending further developments in the Supreme Court, we follow those cases.[3]

CONCLUSION

We therefore affirm.

---

[3]We note one small departure from <u>Atkinson</u>.  We believe that an award of punitive damages is for the jury while attorney's fees must be awarded under Fed. R. Civ. P. 54(d), which was promulgated in 1993.  This departure aligns the award of fees in maintenance and cure cases with post-<u>Atkinson</u> practices regarding fees.  <u>See</u> <u>Incandela v. Am. Dredging Co.</u>, 659 F.2d 11, 15 (2d Cir. 1981) (trial court assesses attorney's fees after a jury finding that defendant's behavior was "callous" or "recalcitrant").

15