15-861-cv(L); 15-1224-cv(XAP)
Banford v. Entergy Nuclear Operations, Inc.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand sixteen.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
                *Circuit Judges,*
           J. PAUL OETKEN,
                *District Judge.*\*

-------------------------------------------------------------------

DAVID BANFORD, SCOTT MCGRATTY,
           *Plaintiffs-Appellees*,

ROBERT MILLER, GARY STRATTON,
           *Plaintiffs-Appellees-Cross-Appellants*,

           v.                                    15-861-cv(L)
                                                 15-1224-cv(XAP)

ENTERGY NUCLEAR OPERATIONS, INC.,
           *Defendant-Appellant-Cross-Appellee*,

-------------------------------------------------------------------

APPEARING FOR APPELLANT-          MICHAEL K. CLARKSON (David P.
CROSS-APPELLEE:                   Mason, *on the brief*), Ogletree, Deakins,
                                  Nash, Smoak, & Stewart, P.C., Boston,
                                  Massachusetts.

---

\* The Honorable J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLEES,                    JOSHUA R. DIAMOND, Diamond &
APPELLEES-CROSS-APPELLANTS:                 Robinson, P.C., Montpelier, Vermont.

Cross-appeals from a judgment of the United States District Court for the District of Vermont (William K. Sessions III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on March 10, 2015, is REVERSED in part and AFFIRMED in part.

On this appeal and cross-appeal following a jury trial finding all plaintiffs non-exempt employees of defendant Entergy Nuclear Operations, Inc. ("Entergy") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the parties dispute the district court's decisions pursuant to Fed. R. Civ. P. 50 to apply the fluctuating workweek ("FWW") method of calculating damages to plaintiffs Robert Miller and Gary Stratton, but not to apply that method to plaintiffs David Banford and Scott McGratty. Entergy also appeals the district court's refusal to overturn the jury's finding of a willful FLSA violation. We review both the grant and denial of Rule 50 motions de novo, see Hicks v. Tug PATRIOT, 783 F.3d 939, 942 (2d Cir. 2015), mindful that a court may set aside a jury verdict "only where there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him," Cross v. N.Y.C. Transit Auth., 417 F.3d 241, 248 (2d Cir. 2005) (alterations and internal quotation marks omitted). In so doing, we assume the parties' familiarity with the facts and record of prior

2

proceedings, which we reference only as necessary to explain our decision to reverse in part the judgment as a matter of law with respect to damages awarded plaintiffs Miller and Stratton and to affirm the remainder of the district court's judgment.

1.    Application of the FWW Method to Plaintiffs

Under the FWW methodology for calculating overtime due under the FLSA to employees who have agreed to work at a fixed weekly salary but whose hours vary, an employee is assumed to have been paid for all hours worked at their regular rate of pay, with excess overtime due for hours worked over forty at one-half the regular rate of pay. The regular pay rate is calculated by dividing the weekly pay by total hours worked that week.    The Supreme Court first sanctioned this method for calculating overtime in Overnight Motor Transportation Co. v. Missel, 316 U.S. 572 (1942):

> No problem is presented in assimilating the computation of overtime for employees under contract for a fixed weekly wage for regular contract hours which are the actual hours worked, to similar computations for employees on hourly rates.   Where the employment contract is for a weekly wage with variable or fluctuating hours the same method of computation produces the regular rate for each week.   As that rate is on an hourly basis, it is regular in the statutory sense inasmuch as the rate per hour does not vary for the entire week, though week by week the regular rate varies with the number of hours worked.   It is true that the longer the hours the less the rate and the pay per hour.   This is not an argument, however, against this method of determining the regular rate of employment for the week in question.   Apart from the Act if there is a fixed weekly wage regardless of the length of the workweek, the longer the hours the less are the earnings per hour.

Id. at 580 (footnote omitted).

Following Missel, the Department of Labor issued an interpretive rule, allowing payment under the FWW method where (i) "there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours

3

worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period"; (ii) the employee receives sufficient salary so that his regular rate never falls below the statutory minimum wage; and (iii) the employee "receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay." 29 C.F.R. § 778.114(a).

Every one of our sister circuits to consider the question has found that FWW may be used to calculate damages where, as here, employees were misclassified as exempt from the FLSA,[1] with some locating authority in 29 C.F.R. § 778.114 and others relying on Missel. Compare Clements v. Serco, Inc., 530 F.3d 1224, 1230–31 (10th Cir. 2008) (relying on § 778.114), Valerio v. Putman Assocs. Inc., 173 F.3d 35, 38–40 (1st Cir. 1999) (same), and Blackmon v. Brookshire Grocery Co., 835 F.2d 1135, 1138–39 (5th Cir. 1988) (same), with Ransom v. M. Patel Enters., 734 F.3d 377, 384–87 (5th Cir. 2013) (rejecting § 778.114 and relying on Missel), Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1311 (11th Cir. 2013) (same), Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354–57 (4th Cir. 2011) (approving use of Missel without disavowing use of § 778.114), and Urnikis-Negro v. Am. Family Prop. Servs., 616 F.3d 665, 672–84 (7th Cir. 2010) (rejecting § 778.114 and relying on Missel). Meanwhile, district courts within this circuit have split on whether FWW may be applied retroactively at all. Compare, e.g., Costello v. Home Depot USA, Inc., 944 F. Supp. 2d 199, 202–08 (D. Conn. 2013) (rejecting retroactive application of FWW method), with Klein v. Torrey Point Grp., LLC, 979 F. Supp. 2d 417, 434–39 (S.D.N.Y. 2013) (finding FWW retroactively applicable in

---

[1] Entergy does not appeal the jury's misclassification finding.

misclassification cases based upon <u>Missel</u>).

We need not conclusively resolve these FWW issues on this appeal because, in any event, the record evidence supports the jury's verdict that no plaintiff agreed to a fixed weekly salary covering unlimited hours, making it unnecessary to apply the FWW method.[2] As the district court noted in reaching that conclusion as to Banford and McGratty, Banford testified that he expected to receive compensation in some form if he worked more than a certain number of hours in a given week, while McGratty testified that he had no understanding of Entergy's overtime policy but thought that his pay could be docked for working less than a fixed number of hours. See <u>Banford v. Entergy Nuclear Operations, Inc.</u>, 74 F. Supp. 3d 658, 664–65 (D. Vt. 2015). This was sufficient for a reasonable jury to conclude that there was <u>not</u> an agreement to work unlimited hours for the

---

[2] While the evidence clearly showed that plaintiffs expected to work up to 48 hours in a given week due to their four-days-on, four-days-off cycle of 12-hour shifts, <u>see</u> App'x 52, Entergy appears to have deliberately eschewed the argument that employees can agree to a fixed salary covering a workweek that fluctuates within a certain range—<u>e.g.</u>, up to 48 hours—without agreeing to unlimited hours at a fixed salary, <u>see, e.g.</u>, Appellant's Br. 19–20 ("[T]he only question for the jury was whether there was a mutual understanding that Plaintiffs' fixed weekly salary payments were compensation for all hours worked, or payment for 40 hours per week only."). Accordingly, we need not here determine whether there can be a hybrid or partial application of the FWW method. See <u>United States v. Quinones</u>, 511 F.3d 289, 311 n.14 (2d Cir. 2010) (holding arguments not raised on appeal waived).

Nor need we determine upon whom the burden of proof rests to demonstrate applicability of the FWW method, another matter dividing our sister circuits. See <u>O'Brien v. Town of Agawam</u>, 350 F.3d 279, 288 n.17 (1st Cir. 2003) (collecting cases from Fifth and Eleventh Circuits placing burden on employee, Fourth Circuit placing burden on employer, and declining to decide). No party identifies error in the district court's charge to the jury, which did not identify a burden of proof, or seeks a new trial based upon the jury instructions. See <u>United States v. Quinones</u>, 511 F.3d at 311 n.14. Moreover, even if plaintiffs bore the burden of proof to demonstrate the inapplicability of the FWW method, there was sufficient evidence to support the jury's verdict in their favor.

same fixed salary. See Olsen v. Stark Homes, Inc., 759 F.3d 140, 155 (2d Cir. 2014) (holding, in affirming denial of judgment as matter of law for defendants, that jury was entitled to credit plaintiff's testimony over defendant's and to draw reasonable inferences therefrom).[3] Indeed, a reasonable jury could infer from Banford's and McGratty's testimony that other plaintiffs, who shared the same job title and responsibilities, had similar terms of employment and understandings thereof, so that there was no agreement to work unlimited hours for a fixed salary. In these circumstances, a court cannot conclude that Miller's and Stratton's failure to testify or provide other evidence of their states of mind precluded a jury verdict in their favor as a matter of law. See generally Tot v. United States, 319 U.S. 463, 467 (1943) ("The jury is permitted to infer from one fact the existence of another . . . if reason and experience support the inference."); Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d at 1315 ("Feliciano and two other former installers testified that Leiva agreed to pay them a weekly salary for forty hours of work, and although Milan testified that he did not know how many hours his weekly pay was intended to compensate, there was no reason to believe that his compensation was structured differently."); cf. United States v. Williams, --- F. App'x ----, 2016 WL 944148, at *2 (2d Cir. Mar. 14, 2016) ("Although Williams and Elder testified only about their own understanding of the shotgun's purpose, given the cooperative relationship between the conspirators, the jury could reasonably infer that Tingman shared that understanding.").

---

[3] While we do not decide the precise showing necessary to demonstrate a lack of agreement to unlimited hours, other courts have declined to apply the FWW method where evidence suggests that employees understood there to be an upper boundary on the fluctuation of their hours. See, e.g., Martinez v. Hilton Hotels Corp., 930 F. Supp. 2d 508, 529–30 (S.D.N.Y. 2013).

We therefore reverse the grant of judgment as a matter of law to Entergy on application of the FWW method to Miller and Stratton, and affirm the denial of the same with respect to Banford and McGratty.

2. Willfulness

"To prove a willful violation of the FLSA within the meaning of § 255(a), it must be established that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. If an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful." Parada v. Banco Indus. De Venez., C.A., 753 F.3d 62, 71 (2d Cir. 2014) (internal quotation marks omitted). The district court concluded that the jury could have relied upon two facts to find willfulness: (1) Entergy's failure to conduct any investigation when bringing plaintiffs in-house as to their FLSA status at prior employer Wackenhut, which in fact had been non-exempt; and (2) testimony that plaintiffs were misled as to the size of their bonuses and the frequency of overtime. See Banford v. Entergy Nuclear Operations, Inc., 74 F. Supp. 3d at 665–66. For largely the reasons stated by the district court, we agree that these facts suffice to support a finding that Entergy acted in reckless disregard of its FLSA obligations.[4]

3. Conclusion

We have considered Entergy's remaining arguments, and we conclude that they are without merit. Accordingly, the judgment of the district court is REVERSED insofar as it

---

[4] Because we affirm the district court's willfulness ruling, we need not decide what statute of limitations applies to plaintiffs' Vermont state law claims.

7

granted Entergy's Rule 50 motion and AFFIRMED in all other respects. The case is hereby REMANDED for entry of a revised judgment consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court