16-3882-cv
Uzoukwu v. Krawiecki

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of December, two thousand seventeen.

Present:      ROSEMARY S. POOLER,
              RICHARD C. WESLEY,
              PETER W. HALL,
                      *Circuit Judges.*

_____

AFAM UZOUKWU,

                      *Plaintiff-Appellant*,

              v.                                              16-3882-cv

CITY OF NEW YORK, MICHELE KRAWIECKI, CARL MILUSO,

                      *Defendants-Appellees*.

_____

Appearing for Appellant:      Gregory Antollino (Daniela Nanau, *on the brief*), New York, N.Y.

Appearing for Appellees:      Daniel Matza-Brown, Assistant Corporation Counsel (Richard Dearing, Fay Ng, Assistant Corporation Counsels, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Abrams, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellant Afam Uzoukwu appeals from the May 12, 2016 judgment entered by the District Court for the Southern District of New York (Abrams, *J.*) dismissing his claims following a jury trial. Uzoukwu brought a Section 1983 suit, alleging false arrest. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a denial of a Rule 50(b) motion de novo and the denial of a Rule 59 motion for abuse of discretion." *Hicks v. Tug PATRIOT*, 783 F.3d 939, 942 (2d Cir. 2015), *cert. denied sub nom. Vane Line Bunkering, Inc. v. Hicks*, 136 S. Ct. 211 (2015) (citing *Fabri v. United Techs. Int'l, Inc.*, 387 F.3d 109, 119 (2d Cir. 2004)). Judgment as a matter of law should be granted "only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against the moving party." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 108 (2d Cir. 2001) (quoting *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000)) (internal punctuation omitted). "We will reverse the judgment of the district court if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Harris v. O'Hare*, 770 F.3d 224, 231 (2d Cir. 2014), *as amended* (Nov. 24, 2014) (quoting Fed. R. Civ. P. 50(a)(1)) (internal punctuation omitted).

Uzoukwu primarily argues that the district court erred by declining to find as a matter of law that the officers lacked probable cause. "The existence of probable cause to arrest—even for a crime other than the one identified by the arresting officer—will defeat a claim of false arrest under the Fourth Amendment." *Figueroa v. Mazza*, 825 F.3d 89, 99 (2d Cir. 2016) (citing *Devenpeck v. Alford*, 543 U.S. 146, 152–54 (2004)). "Probable cause to arrest exists when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks omitted).

We see no error. New York City Rules Tit. 56, § 1-03(c)(3) provides that "[n]o person shall fail to comply with or obey any instruction, direction, regulation, warning, or prohibition, written or printed, displayed or appearing on any park sign." The officers' testimony, which the jury was entitled to credit, established that Uzoukwu appeared to be in the park without children, in contravention of the rules displayed on signs posted at the park entrances. According to the officers, they observed that Uzoukwu was focused on eating Jell-O, was not interacting with children and did not appear to be supervising any. The officers further testified that Uzoukwu did not have any items that might indicate he was with children. When he was asked whether he was with children, Uzoukwu began yelling, but never identified or otherwise signaled a relationship with a child in the park. Finally, the officers did not observe any children approach over the course of the officers' interaction with Uzoukwu and his ensuing outburst. On these facts, the officers had every reason to believe there was a "fair probability" that Uzoukwu was in the park

without children. *Florida v. Harris*, 568 U.S. 237, 244 (2013). Having determined that the officers adequately established probable cause for the violation of the park rule, we need not examine the other asserted grounds for probable cause—namely, disorderly conduct and obstruction of governmental administration. *See Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) ("[P]robable cause is based on the facts warranting arrest and not the statute pursuant to which a plaintiff was charged.").

Uzoukwu also challenges the admission of testimony from a Customs and Border Control agent as unduly prejudicial. We review the district court's evidentiary rulings for abuse of discretion. *Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 124 (2d Cir. 2016).

The agent testified to the fact that there was no immigration record of Uzoukwu's children entering the country in or around the years he had claimed they entered. Uzoukwu asserts that this evidence inflamed anti-immigrant bias. While there may be a risk that members of the jury harbored such sentiments, Uzoukwu fails to grapple with the clear evidentiary value of the immigration records. Uzoukwu's theory of the case was that his children had entered the country a few months prior to the incident, and they were with him in the park at the time of the officers' approach, making him fully compliant with the park rules. The immigration evidence tended to undercut Uzoukwu's claims, by showing both that he may have provided inaccurate information about the children's entry into the U.S., and that the children likely were not in the country at the time of the incident—much less in the park. As a result, the evidence was not unduly prejudicial, and the district court did not err by admitting it. *See Leopold v. Baccarat, Inc.*, 174 F.3d 261, 269-70 (2d Cir. 1999) (evidence that "easily might have created feelings of antagonism and even disgust" admissible for probative value).

We have considered the remainder of appellant's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3